Filed 4/16/21  P. v. Withers CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B305542 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA064165) |
| v. | |
| THORTON DAVID WITHERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge. Affirmed.

Paul Stubb Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Thorton David Withers appeals from a postjudgment order denying his motion to vacate the restitution and parole revocation fines imposed when he was sentenced as a third strike offender following his conviction for aggravated assault in 2002. No arguable issues were identified by Withers's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Withers in a supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Withers was convicted following a jury trial of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] with a true finding he had personally used a firearm when committing the offense (§ 12202.5). In a bifurcated proceeding the trial court found true the allegations Withers had suffered two prior convictions for serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). Withers was sentenced as a third strike offender to an aggregate indeterminate state prison term of 30 years to life. As part of his sentence Withers was ordered to pay a restitution fine of $5,000 pursuant to former section 1202.4, subdivision (b). A parole revocation fine of $5,000 was imposed and stayed (former § 1202.45). We affirmed the judgment on appeal. (*People v. Withers* (Nov. 19, 2003, B162764) [nonpub. opn.].)

On March 2, 2020 Withers filed a motion to vacate the restitution and parole revocation fines pursuant to our decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Withers argued, "Petitioner is indigent and has an aggregate sentence of

---

[1]     Statutory references are to this code.

30 years to life indeterminate term, the imposition of the assessments without the ability to pay finding violated his right to due process." In support of his contention he lacked the ability to pay, Withers submitted a one-page Inmate Statement Report dated February 10, 2020 indicating he had worked one day in November 2019 and one day in December 2019; he received $25 for each day worked; and $3,027.31 remained due on his restitution fine.[2] The superior court summarily denied the motion on March 3, 2020. Withers filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Withers on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Withers on August 17, 2020 that he may personally submit any contentions or issues he wanted the court to consider.

---

[2] "Prison wages range from $12 to $56 per month, depending on the prisoner's skill level." (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076; see Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1).) The state is permitted to garnish a portion of those wages to satisfy the restitution fine. (§ 2085.5, subds. (a), (e); Cal. Code Regs., tit. 15, § 3097, subd. (f) ["[T]he department shall deduct 50 percent or the balance owing, whichever is less, from the inmate's wages and trust account deposits regardless of the source of such income subject to the exemptions enumerated in subsection (j). In addition, an administrative fee of 10 percent of the deduction shall be deducted to reimburse the department for its administrative costs, for a maximum deduction of 55 percent"].)

On September 18, 2020 we received a 16-page typed supplemental brief from Withers. Citing this court's opinions in *Dueñas*, *supra*, 30 Cal.App.5th 1157 and *People v. Castellano* (2019) 33 Cal.App.5th 485 (*Castellano*), Withers asserts the superior court erred in denying his motion to vacate the restitution and parole revocation fines, arguing he had properly raised the issue of his ability to pay by filing a motion in the superior court and had produced evidence showing his actual inability to pay the fines. Withers has forfeited this argument.

In *Dueñas* this court concluded, "[T]he assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are . . . fundamentally unfair; imposing these assessments upon indigent defendants without a determination that they have the present ability to pay violates due process under both the United States Constitution and the California Constitution." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168; accord, *People v. Belloso* (2019) 42 Cal.App.5th 647, 654-655, review granted Mar. 11, 2020, S259755.) A restitution fine under section 1202.4, subdivision (b), however, "is intended to be, and is recognized as, additional punishment for a crime." (*Dueñas*, at p. 1169; accord, *Belloso*, at p. 655.) Although section 1202.4, subdivision (c), expressly provides a defendant's inability to pay a restitution fine may not be considered a "compelling and extraordinary reason" not to impose the statutory minimum fine, the court may consider the defendant's ability to pay if the court imposes a restitution fine above the minimum amount. (*Id.*, subd. (d) ["[i]n setting the amount of the [restitution] fine . . . in excess of the minimum fine," the court "shall consider any relevant factors, including, but not limited to,

4

the defendant's inability to pay"]; see *Dueñas*, at p. 1170, fn. 6 ["a trial court may . . . consider a defendant's ability to pay if the court is considering imposing a restitution fine in excess of the statutory minimum amount"]; see also *People v. Miracle* (2018) 6 Cal.5th 318, 356.)

In *Castellano*, decided two months after *Dueñas*, we clarified that, in the absence of evidence of the defendant's inability to pay, the People are not required to establish the defendant has the means to pay before the court imposes the fines, fees and assessments required by statute. "[A] defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court." (*Castellano*, *supra*, 33 Cal.App.5th at p. 490; accord, *People v. Montes* (2021) 59 Cal.App.5th 1107, 1121 ["he will bear the burden of both demonstrating a harm of constitutional magnitude and making a record regarding his alleged inability to pay the restitution fine and court assessments"]; *People v. Santos* (2019) 38 Cal.App.5th 923, 934 ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant can pay"]; see *Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168-1169.) If the trial court determines, after considering the relevant factors, a defendant is unable to pay, then the fees and assessments cannot be imposed; and execution of any restitution fine imposed must be stayed until such time as the People can show that the defendant's ability to pay has been restored. (*Castellano*, at p. 490; *Dueñas*, at pp. 1168-1169, 1172.)[3]

_____

[3]     In *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, the Supreme Court has directed

At the time Withers was sentenced in 2002, former section 1202.4, subdivision (c), provided, "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two-hundred-dollar ($200) . . . minimum." (See also former section 1202.4, subdivision (d) ["[i]n setting the amount of the fine pursuant to subdivision (b) in excess of the two-hundred-dollar ($200) or one-hundred-dollar ($100) minimum [for misdemeanors], the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay"].)

Here, because the $5,000 restitution fine exceeded the statutory minimum, Withers had the opportunity to object based on his inability to pay. By failing to object, Withers forfeited the argument the court violated his rights by imposing the fine without considering his ability to pay. (See *People v. Miracle*, *supra*, 6 Cal.5th at p. 356 ["[b]ecause [the] defendant did not object to the [restitution] fine at his sentencing hearing, he has forfeited his challenge"]; *People v. Avila* (2009) 46 Cal.4th 680, 729 ["in not adducing evidence of his inability to pay" a $10,000 restitution fine, the defendant "forfeited the argument"]; *People v. Smith* (2020) 46 Cal.App.5th 375, 395 ["a defendant forfeits a challenge to the trial court's imposition of a restitution fine above

the parties to brief the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant "forfeited any ability-to-pay argument regarding the restitution fine by failing to object"].)[4]

Because no cognizable legal issues have been raised by Withers's appellate counsel or by Withers or identified in our independent review of the record, the order denying the postjudgment motions is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.                    FEUER, J.

---

[4] Former section 1202.45 in 2002, like section 1202.45, subdivision (a), today, provides that the parole revocation fine shall be assessed in the same amount as the restitution fine pursuant to section 1202.4, subdivision (b). Accordingly, Withers's forfeiture of his challenge to the restitution fine also forfeits any challenge to the parole revocation fine.